UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| LINDSAY HIEBERT, Individually and on Behalf of All Others Similarly Situated, | x<br>:<br>: | Civil Action No. 1:23-cv-03770-NGG-PK |
| Plaintiff, | :<br>:<br>: | CLASS ACTION |
| vs. | :<br>:<br>: | THE RETIREMENT SYSTEM'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF |
| VIRTU FINANCIAL, INC., DOUGLAS CIFU, JOSEPH MOLLUSO, ALEX IOFFE, and SEAN GALVIN, | :<br>:<br>:<br>: |  |
| Defendants. | :<br>:<br>x |  |

City of Birmingham Retirement and Relief System (the "Retirement System") respectfully submits this memorandum in further support of its motion for appointment as lead plaintiff (ECF 20), and in opposition to the competing motions for appointment as lead plaintiff. *See* ECF 15, 18, 23.

## I.    INTRODUCTION AND BACKGROUND

Four motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) the Retirement System; (2) Fred Farkash; (3) Bruce Gatward; and (4) Lindsay Hiebert.  On July 24, 2023, Gatward filed a notice of withdrawal, recognizing that he "does not appear to have the largest financial interest."  ECF 24.  And on August 1, 2023, Hiebert and Farkash filed notices of non-opposition to competing motions.  *See* ECF 25-26.  ***As such, the Retirement System's motion is substantively unopposed.***

Based on information contained in the original submissions by the lead plaintiff movants, the Retirement System is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Retirement System's loss of over $500,000 is more than eight times the losses claimed by the other lead plaintiff movants combined, and the Retirement System otherwise meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, the Retirement System should be appointed as Lead Plaintiff and its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be approved.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir.

- 1 -

4860-1252-2612.v2

2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Here, there is no dispute that the Retirement System possesses the "largest financial interest" in this litigation:

| MOVANT | CLAIMED LOSS |
|---|---|
| **The Retirement System** | $500,340.41 |
| *Fred Farkash (notice of non-opposition)* | ~~$52,698.02~~ |
| *Lindsay Hiebert (notice of non-opposition)* | ~~$1,935~~ |
| ~~*Bruce Gatward (notice of withdrawal)*~~ | ~~$1,179.52~~ |

*See* ECF 22-4, 17-2, 23-4, 19-3.

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Retirement System must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).  Here, there is no question that the Retirement System satisfies these requirements.  *See* ECF 21 at 4-5.  Indeed, none of the other movants oppose the Retirement System's motion.  *See* ECF 24-26.  As a sophisticated institutional investor, the Retirement System is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA.  *See Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) ("Congress enacted the PSLRA in 1995 with the consideration that the best way to prevent lawyer-driven litigation was to encourage institutional investors to serve as lead plaintiffs."); *see also Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.,* 2019 WL 7287202, at *4 n.3 (E.D.N.Y. May 24, 2019) ("The Court also notes that Congress prefers institutional investors as the Pension Fund to serve as lead plaintiff in PSLRA cases.").  Because the Retirement System clearly has the largest financial interest and satisfies Rule 23's requirements, the Retirement System is presumptively the "most adequate plaintiff."

4860-1252-2612.v2

The presumptive lead plaintiff, in this case the Retirement System, must be appointed unless it is proven that it will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32. Here, there is no dispute that the Retirement System meets the adequacy and typicality requirements *See* ECF 21 at 4-5. The Retirement System has also selected counsel that are highly experienced in securities litigation. *See id*. at 5-7.

Consequently, the "most adequate plaintiff" presumption that lies in the Retirement System's favor has not been rebutted. The Retirement System's motion should be granted and the competing motions should be denied.

## III.    CONCLUSION

The Retirement System possesses the largest financial interest in the relief sought by the class. In addition, the Retirement System meets the requirements of adequacy and typicality, and the presumption which lies in favor of the Retirement System cannot be rebutted.

As a result, the Retirement System respectfully requests that this Court enter an order: (1) appointing the Retirement System to serve as Lead Plaintiff; (2) approving the Retirement System's selection of Lead Counsel; and (3) denying the competing motions for appointment as lead plaintiff.

4860-1252-2612.v2

DATED:  August 1, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


_s/ David A. Rosenfeld_
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4860-1252-2612.v2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 1, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
&  DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4860-1252-2612.v2

Case 1:23-cv-03770-NGG-CHK Document 27 Filed 08/01/23 Page 7 of 7 PageID #: 359

# Mailing Information for a Case 1:23-cv-03770-NGG-PK Hiebert v. Virtu Financial, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Apton**
  aapton@zlk.com

- **Jessica Sombat Carey**
  Jcarey@paulweiss.com,mao_fednational@paulweiss.com

- **Andrew Garry Gordon**
  agordon@paulweiss.com,mao_fednational@paulweiss.com

- **J. Alexander Hood**
  ahood@pomlaw.com,tprzybylowski@pomlaw.com,jlopiano@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,mtjohnston@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Daniel Shiah Sinnreich**
  dsinnreich@paulweiss.com,mao_fednational@paulweiss.com

- **Audra J. Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)