UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

LINDSAY HIEBERT, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

      vs.

VIRTU FINANCIAL, INC., DOUGLAS
CIFU, JOSEPH MOLLUSO, ALEX IOFFE,
and SEAN GALVIN,

                    Defendants.

———————————————————— x

CITY OF BIRMINGHAM RETIREMENT
AND RELIEF SYSTEM, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

      vs.

VIRTU FINANCIAL, INC., DOUGLAS
CIFU, JOSEPH MOLLUSO, ALEX IOFFE,
and SEAN GALVIN,

                    Defendants.

———————————————————— x

:  Civil Action No. 1:23-cv-03770-NGG-PK

:  CLASS ACTION

:  Civil Action No. 1:23-cv-08123-JRC

:  CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF CITY OF BIRMINGHAM RETIREMENT
AND RELIEF SYSTEM'S UNOPPOSED MOTION FOR CONSOLIDATION**

## I.   INTRODUCTION

City of Birmingham Retirement and Relief System (the "City of Birmingham") – as the presumptive lead plaintiff in the action captioned *Hiebert v. Virtu Financial, Inc., et al.*, No. 1:23-cv-03770 (NGG) (E.D.N.Y.) (the "*Hiebert* Action") and plaintiff in the action captioned *City of Birmingham Retirement and Relief System v. Virtu Financial, et al.*,  No. 1:23-cv-08123 (E.D.N.Y.) (JRC) (the "*Birmingham* Action") (together, the "Related Actions") – respectfully submits this memorandum of law in support of its unopposed motion for an entry of an order consolidating the Related Actions.[1]  As discussed herein, the Related Actions should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because they involve the same legal and factual issues against the same defendants, were filed as related cases, and will involve the same discovery.

## II.   FACTUAL BACKGROUND

Virtu Financial Inc. ("Virtu," or the "Company"), together with its subsidiaries, is a global financial firm that uses its self-described "cutting-edge technology" to provide a variety of financial services and products in markets around the world.  Through its Market Making business, Virtu makes markets in the cash, futures, and options markets across global equities, fixed income, currencies, cryptocurrencies, and commodities.  Through its Execution Services business, Virtu offers agency-based, execution-only trading, whereby the Company utilizes its technology to execute trades for some of the largest institutional investors in the world, including mutual funds, pension plans, plan sponsors, hedge funds, and trusts and endowments, earning a commission.

---

[1]   Plaintiff consulted with counsel for Defendants, who advise that Defendants do not oppose the consolidation and/or coordination of the two actions, but otherwise reserve all rights and legal defenses, and do not otherwise endorse any allegations or arguments made in this motion concerning the claims, the applicable limitations or repose periods, or any other defenses.

On May 19, 2023, the *Hiebert* Action was filed against Virtu, and current or former executives Douglas Cifu, Joseph Molluso, Alex Ioffe, and Sean Galvin, alleging violations §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), for making materially false and misleading statements about, *inter alia*, the exchange of confidential information between departments or individuals at Virtu, and deficient policies and procedures with respect to its information access barriers, during a proposed class period of March 1, 2019 – April 28, 2023.  As discussed in the complaint in the *Hiebert* Action, these issues were being investigated by the Securities and Exchange Commission (the "SEC").

Several relevant events took place after the filing of the *Hiebert* Action.  First, on July 18, 2023, pursuant to the Private Securities Litigation Reform Act of 1995, motions seeking to be appointed lead plaintiff in the *Hiebert* Action were filed by several movants, including City of Birmingham, whose motion is still pending and presently unopposed.[2]

Next, on July 28, 2023, Virtu disclosed in an SEC filing that it had been unable to reach a settlement with the SEC in connection with its investigation into the Company's information access barriers and that it had received a Wells Notice from the SEC.  Virtu further disclosed that it "expects the SEC to file an action against the Company alleging violations of federal securities laws with respect to the Company's information barriers policies and procedures for a specified time period in and around January 2018 to April 2019 and related statements made by the Company during such period."

Then, on September 12, 2023, the SEC commenced litigation in the U.S. District Court for the Southern District of New York, against Virtu and its subsidiary Virtu Americas LLC, alleging

---

[2]    All other investors that timely sought to be appointed lead plaintiff have since filed a notice of withdrawal (ECF No. 24) or a notice of non-opposition (ECF Nos. 25, 26).

violations of the federal securities laws in connection with Virtu's alleged failure to safeguard a database that contained trading information generated from customer orders that were routed to and executed by Virtu Americas LLC, including customer identifying information and other material nonpublic information. *See Securities and Exchange Commission v. Virtu Financial Inc. and Virtu Americas LLC*, No. 1:23-cv-08072 (JGK) (S.D.N.Y.) (the "*SEC* Action"). The SEC alleges that Virtu and its subsidiary "repeatedly — and falsely — told their institutional customers and the public that [Virtu Americas LLC] used 'information barriers' and 'systemic separation between business groups' in order to safeguard these customers' [material nonpublic information]."

Notably, the *SEC* Action alleges that Virtu made materially false and misleading statements beginning on November 7, 2018, approximately four months before the start of the Class Period in the *Hiebert* Action. That is relevant here because claims under §10(b) of the Exchange Act – the primary claim in the *Hiebert* Action – are subject to a five-year statute of repose. *See* 28 U.S.C. §1658(b)(2); *see also Hiebert* Action, ECF No. 31.

Accordingly, the *Birmingham* Action was filed on October 31, 2023, to preserve the claims of the class for alleged false and misleading statements beginning on November 7, 2018 – as they were not included in the *Hiebert* Action. The *Birmingham* Action alleges that Virtu, and the same current or former executives named in the *Hiebert* Action, violated §§10(b) and 20(a) of the Exchange Act, in connection with materially false and misleading statements during a proposed class period of November 7, 2018 – September 12, 2023. Like the *Hiebert* Action, the allegations in the *Birmingham* Action concern, *inter alia*, misstatements regarding the protection of confidential client trading information. The *Birmingham* Action also encompasses allegations concerning the aforementioned July 28 and September 12 developments and the corresponding declines in the price of Virtu's stock.

### III.    THIS COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  *See* Fed. R. Civ. P. 42(a); *see also Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019) ("Consolidation is 'a valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'").

The Related Actions are based on the ***same*** underlying facts and legal issues, and assert violations of the ***same*** sections of the Exchange Act, against the ***same*** defendants, during ***overlapping*** class periods.  As such, the Related Actions are ideally suited for consolidation.  *See Kehoe v. 3D Systems Corp.*, No. 21-CV-1920 (NGG) (TAM), 21-CV-2383 (NGG) (TAM), 2021 WL 5408923, at *3 (E.D.N.Y.  Jul. 13, 2021) (consolidating two related securities cases where "the two complaints [we]re virtually identical" and there was a "near-total overlap of the substantive factual allegations and legal claims."); *Crumrine v. Vivint Solar, Inc.*, No. 19-CV-5777 (FB) (JO), 2020 WL 1332111, at *1 (E.D.N.Y. Mar. 23, 2020) (consolidating related securities actions where the complaints "allege the same claims against the same defendants, on behalf of the same putative class").  Indeed, as discussed above, the entire reason the *Birmingham* Action was filed was to preserve claims of the putative class already contemplated by the *Hiebert* Action that were on the precipice of running afoul of the applicable statute of repose.

Moreover, if kept separate, discovery in the two actions would be identical and entirely duplicative.  *See Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104 (E.D.N.Y. 2005) (granting motion to consolidate eleven related securities cases where, *inter alia*, "the factual allegations in

each of the above-referenced actions are virtually identical and, as a result, the same discovery will be relevant to all of the actions.").[3]

Finally, Defendants do not oppose consolidation of the Related Actions and there is no suggestion that consolidation will prejudice any party. Thus, consolidation of the Related Actions is appropriate.

## IV.    CONCLUSION

The Related Actions share common legal and factual questions and should be consolidated. As such, the City of Birmingham respectfully requests that the Court grant its motion.

DATED:  November 3, 2023                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
ROBERT D. GERSON

*/s/ Robert D. Gerson*
ROBERT D. GERSON

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com
rgerson@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

---

[3]    The fact that the class periods in the *Hiebert* and *Birmingham* Actions are not identical does not weigh against consolidation. *See, e.g.*, *Rauch*, 378 F. Supp. 3d at 205 (granting motion to consolidate where one class period started two years earlier than the other alleged class period, finding that "the same pattern of alleged misconduct [was] present over both class periods"). The same is true here.