# Robbins Geller Rudman & Dowd LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Robert D. Gerson
rgerson@rgrdlaw.com

August 13, 2024

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1426 S
Brooklyn, NY  11201

Re: *In re Virtu Financial, Inc. Securities Litigation*,
No. 1:23-cv-03770-NGG (E.D.N.Y.)

Dear Judge Garaufis:

We write to bring to the Court's attention Judge John G. Koeltl's August 9, 2024 denial of the motion to dismiss in the factually-related litigation brought by the Securities and Exchange Commission against defendant Virtu Financial Inc. ("Virtu" or "VFI"). *Sec. & Exch. Comm'n v. Virtu et al.*, No. 1:23-cv-08072-JGK (S.D.N.Y.) (the "SEC Action"). A transcript including Judge Koeltl's bench memorandum is attached hereto as Exhibit A.

As a reminder, the SEC Action charges, *inter alia*, that Virtu violated Section 17(a)(2) of the Securities Act of 1933[1] in connection with the same conduct and by making several misstatements identical to those at issue in this case. *Compare, e.g.*, Ex. A at 27:12-30:4 *with* Consolidated Complaint, ECF No. 39, ¶¶102, 126, 131. On Friday, Judge Koeltl – ruling from the bench following oral argument – denied the defendants' motion to dismiss in its entirety, finding, in relevant part, as follows:

> The SEC alleges that the defendants violated the statute by making false and materially misleading statements regarding their policies and procedures to protect customers' MNPI. The SEC claims that the defendants made these statements in the course of public presentations, a customer letter, a press release, and responses to customers' questionnaires. Each of these statements allegedly described the effectiveness of the defendants' protections for confidential information, ***none disclose any gap in these protections, and none reveal that employees could access the FS Database through the direct access method***.

---

[1]    Section 17(a)(2) of the Securities Act of 1933, 15 U.S.C. §77q(a)(2), makes it unlawful for any person in the offer or sale of any securities to "obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading."

58 South Service Road, Suite 200   Melville, NY 11747   Tel 631-367-7100   Fax 631-367-1173   rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

The Honorable Nicholas G. Garaufis
August 13, 2024
Page 2

It is well-established that "*literally true statements that create a materially misleading impression will support claims for securities fraud.*" *Set Capital, LLC v. Credit Suisse Group AG*, 996 F.3d 64, 85, (2d Cir. 2021) (addressing alleged violations of Section 10(b) of the [Securities] Exchange Act [of 1934]); *Wilson v. Merrill Lynch*, 671 F.3d 120, 130 (2d Cir. 2011) (discussing the adequacy of disclosures in the context of other provisions of the Exchange Act). And, *because reasonable minds could differ* "on the question of whether the statements alleged in the complaint were misleading in light of the circumstances [] under which they were made," *this Court cannot resolve this question on a motion to dismiss*. See *S.S. Trade Association of Baltimore International Longshoreman's Association Pension Fund v. Olo, Inc.*, 2023 WL 4744197, *4 (S.D.N.Y. July 25, 2023).

[T]herefore, the defendants' motion to dismiss the SEC's claims pursuant to Section 17(a)(2) against VAL and VFI is denied.

Ex. A at 35:22-36:24 (emphasis added).[2]

Courts have observed that the standards for stating a claim under Section 17(a) of the Securities Act of 1933 are "'essentially the same' as those required to prove fraud under Section 10(b)" of the Exchange Act. *Sec. & Exch. Comm'n v. Sayid*, 2018 WL 357320, at *3 (S.D.N.Y. Jan. 10, 2018) (quoting *SEC v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir. 1999)).[3]

We look forward to discussing these issues with Your Honor at the September 13 hearing.

Respectfully submitted,

Robert D. Gerson

Attachment

cc:      All Counsel of Record (via ECF)

---

[2]    In this case, Defendants group the alleged misstatements into five different categories. *See* ECF No. 44-3. The statements that Judge Koeltl upheld as actionable in the SEC Action fall into Defendants' Categories 1, 2 and 3. The statements in Defendants' Categories 4 and 5 are not at issue in the SEC Action.

[3]    While scienter is not a required element of Section 17(a)(2), the Consolidated Complaint's allegations, including, *inter alia*, those concerning Defendants' response to the firestorm of concern about Virtu's protection of client trading data, establish that "[D]efendants knew or, more importantly, should have known that they were misrepresenting material facts." *See* ECF No. 44-23 at 20 (Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Consolidated Complaint) (quoting *Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000)). *See also* ECF No. 44-23 at 20-25 (full scienter argument).