PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3289
EMAIL: ASOLOWAY@PAULWEISS.COM

BEIJING          SAN FRANCISCO
BRUSSELS         TOKYO
HONG KONG        TORONTO
LONDON           WASHINGTON, DC
LOS ANGELES      WILMINGTON

August 19, 2024

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1426 S
Brooklyn, NY 11201

Re:   *In re Virtu Financial, Inc. Securities Litigation*,
      No. 1:23-cv-03770-NGG (E.D.N.Y.) (the "Class Action")

Dear Judge Garaufis:

We write in response to Plaintiff's August 13, 2024 letter (ECF No. 46), which addressed the August 9, 2024 bench ruling by the United States District Court for the Southern District of New York in *Securities & Exchange Commission* v. *Virtu Financial Inc. et al.*, No. 1:23-cv-08072-JGK (S.D.N.Y.) (the "SEC Action"). The ruling in the SEC Action should not impact the outcome of Defendants' motion to dismiss this Class Action for a number of reasons.

By way of background, the shareholder Plaintiff in this putative securities Class Action filed its claims against Virtu Financial, Inc. ("Virtu") following the SEC's filing of a complaint against Virtu and its subsidiary Virtu Americas LLC ("VAL") regarding the FS Database Issue. Virtu is a defendant in both cases, but VAL is sued only in the SEC Action. The SEC alleges that (1) Virtu and VAL violated Section 17(a)(2) and (3) of the Securities Act of 1933 by making nine false or misleading statements in ***both*** public disclosures and customer due diligence questionnaire responses, and (2) Virtu violated Section 15(g) of the Securities Exchange Act of 1934 by failing to establish, maintain, and enforce written policies and procedures reasonably designed to prevent the misuse of material, nonpublic information. Claims under Section 17(a) and Section 15(g) are available to the SEC, but do ***not*** provide for a private cause of action to shareholder plaintiffs, like the Plaintiff in this case, who instead sued under Sections 10(b) and 20(a) of the Exchange Act.

***Falsity***. In this Class Action, Defendants have moved to dismiss on the basis that the alleged misstatements are not false or misleading. Only four of the alleged false statements at issue in the SEC Action are also alleged to be false or misleading in this case. Moreover, the statements at issue in the SEC Action include direct communications with customers, *see* Am.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Nicholas G. Garaufis

Compl. ¶¶ 32-42, *Sec. & Exch. Comm'n* v. *Virtu Financial Inc. et al.*, No. 1:23-cv-08072-JGK, Dkt. 28 (S.D.N.Y.)—statements that are not at issue in this case (which concerns only public statements). Therefore, the court's motion to dismiss decision in the SEC Action—which addressed the nine challenged statements together, not separately—incorporated the court's views on the actionability of the statements to customers that are not at issue in this case. Further, unlike the SEC, Plaintiff in this case is required to satisfy the heightened standards set by the Private Securities Litigation Reform Act 1995, §78u-4(b)(1) and Federal Rule of Civil Procedure 9(b), which require Plaintiff to "state with particularity the circumstances constituting fraud," and state "the reason or reasons why the statement is misleading." Fed. R. Civ. P. 9(b); 15 U.S.C. §78u-4(b)(1). By contrast, the court in the SEC Action applied the lower Rule 8 pleading standard, and thus did not hold that any alleged false statement would satisfy the heightened PSLRA pleading standard. Finally, in the SEC Action, Defendants had not moved to dismiss one claim against VAL (a claim not asserted here)—which meant that the case would continue no matter the outcome of the motion. The court expressed skepticism about the "practical effect" of granting the motion to dismiss because discovery would move forward regardless. ECF 46-1 at 15:16-16:14. No such concern is present here, as Defendants have moved to dismiss Plaintiff's entire Consolidated Complaint, making discovery entirely unnecessary if Defendants' motion is granted. ECF 44-1.

For these reasons, the ruling in the SEC Action should not impact this Court's assessment of whether falsity has been adequately pleaded in this Class Action. Moreover, the SEC made an important concession at the August 9, 2024 motion to dismiss hearing: the SEC conceded that, after a years-long investigation and the review of 30,000 documents, it had not identified any instance where Virtu personnel abused the FS Database Issue by accessing historical customer trade information. ECF 46-1 at 19:4-21:11. Thus, as Defendants argue in their motion to dismiss, this case boils down to an isolated weakness in existing controls. In the context of shareholder class actions, cases within the Second Circuit have repeatedly held that weaknesses in controls do not render false a company's statements that such controls existed. ECF 44-24 at 3-4.

***Scienter***. The most significant difference between the SEC Action and the Class Action is that the SEC did not assert any scienter-based fraud claims against Virtu or VAL. Indeed, after a years-long investigation, the SEC apparently concluded that there was no basis to charge such fraud claims, and instead proceeded with claims under Section 17(a) and Section 15(g), which do not require the SEC to plead or prove intent. By contrast, in this case, Plaintiff has asserted only fraud-based claims and must not only allege scienter, but indisputably must "state with particularity" facts that give rise to a "strong inference" of scienter "with respect to each act or omission alleged." 15 U.S.C. § 78u–4(b)(2)(A). This requirement applies defendant by defendant, and the "inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *S. Cherry St., LLC* v. *Hennessee Grp. LLC*, 573 F.3d 98, 111 (2d Cir. 2009). Plaintiff does not come close to pleading a strong inference of scienter in its Consolidated Complaint. *See* ECF 44-1 at 19-25; ECF 44-24 at 6-10. And the ruling in the SEC Action certainly does not assist Plaintiff in that regard.

For all the foregoing reasons and those set forth in Defendants' motion to dismiss this Class Action, the Consolidated Complaint must be dismissed with prejudice. We look forward to answering any questions the Court may have during the September 13, 2024 argument.

2

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Nicholas G. Garaufis

Respectfully submitted,

*/s/ Audra J. Soloway*
Audra J. Soloway

cc:    All Counsel of Record (via ECF)