## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re VIRTU FINANCIAL, INC. SECURITIES LITIGATION | 1:23-cv-03770-NGG-PK |

## DEFENDANTS' ANSWER
## TO THE CONSOLIDATED COMPLAINT

In responding to the allegations in the Consolidated Class Action Complaint (the "Complaint"), Defendants Virtu Financial, Inc. ("Virtu" or the "Company"), Douglas Cifu, Joseph Molluso, Alex Ioffe, and Sean Galvin, (collectively, "Defendants") (i) incorporate into each response a denial of any allegations in the Complaint to the extent such allegations assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, and (ii) to the extent that any response is required, deny any allegations or averments in the introductory paragraphs, headings, and subheadings of the Complaint. Defendants, by and through their undersigned attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, respond to the specific allegations in the Complaint as follows.

1.      Defendants admit that Plaintiff purports to bring this putative securities class action on behalf of itself and all other persons and entities who purchased or otherwise acquired Virtu Class A common stock between November 7, 2018 and September 12, 2023, inclusive, and that it purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, and otherwise deny the allegations in paragraph 1.

2.      Defendants deny the allegations in paragraph 2, except admit that Virtu is headquartered in New York, New York, and has two operating segments: Market Making (which principally consists of market making in the cash, futures, and options markets across global equities, fixed income, currencies, cryptocurrencies, and commodities) and Execution Services (which offers agency execution services and trading venues that provide transparent trading in global equities, ETFs, fixed income, currencies, and commodities to institutions, banks and broker dealers).

3.      Defendants deny the allegations in paragraph 3, except admit that Virtu is a leading financial firm that leverages cutting edge technology to deliver liquidity to the global markets, and that Virtu generates revenue by buying and selling large volumes of securities and other financial instruments.

4.      Defendants deny the allegations in paragraph 4, except admit that on April 20, 2017, Virtu announced that it had entered into a definitive agreement to acquire KCG, and subsequently disclosed in its Form 10-Q for the quarter ended March 31, 2017 and certain other SEC filings that the continued integration of legacy systems and the development of new systems could result in disruptions to its ongoing businesses and relationships or cause issues with standards, controls procedures, and policies that adversely affect its ability to maintain relationships with customers.

5.      Defendants deny the allegations in paragraph 5, except admit that Virtu acquired KCG and formed VAM, that VAM operates a trade execution business, that as a result of using VAM's execution services, customers pay certain commissions to VAM, that VAM stored certain trade execution information, and that VAM is a registered broker-dealer.

6. Defendants deny the allegations in paragraph 6, except admit that from January 2018 through April 2019, VAM maintained various databases including the FS Database, that the FS Database housed certain post-trade, static, historical data related to trades that were already posted on the consolidated tape, and that Plaintiff purports to quote from a transcript of a June 5, 2019 presentation at the Sandler O'Neil Global Exchange and Brokerage Conference, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

7. Defendants deny the allegations in paragraph 7, except admit that in or around August 2018, VAM identified the possibility that non-permissioned post-trade data on the FS Database could hypothetically be accessed, and after discovering this hypothetical possibility, VAM developers promptly began considering solutions before fully and successfully implementing a solution in April 2019.

8. Defendants deny the allegations in paragraph 8, except admit that on November 7, 2018, Virtu announced the acquisition of ITG for $30.30 per share, or approximately $1 billion equity value.

9. Defendants deny the allegations in paragraph 9, except admit that the SEC published an Order relating to ITG, Inc. and AlterNet Securities, Inc. on November 7, 2018, and that Plaintiff purports to quote from that Order, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

10. Defendants deny the allegations in paragraph 10, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call and a presentation published in conjunction with that earnings call, a November 17, 2018 *Business Insider* article,

3

and a Virtu press release attached to its Form 8-K filed January 25, 2019, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

11.     Paragraph 11 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

12.     Defendants deny the allegations in paragraph 12, except admit that in November 2018, the maximum number of sessions that could connect to the FS Database was increased from 75 to 125 due to increased demand on the FS Database.

13.     Defendants deny the allegations in paragraph 13, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call and Form 10-Q, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

14.     Defendants deny the allegations in paragraph 14, except admit that the closing price of Virtu's Class A common stock was $17.39 on September 18, 2023, and that Plaintiff purports to quote from Virtu's Form 10-K for the year ended December 31, 2022, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

15.     Paragraph 15 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

16.     Paragraph 16 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

17.     Paragraph 17 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

18.    Paragraph 18 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Virtu Class A common stock trades on the NASDAQ.

19.    Paragraph 19 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff, and otherwise deny the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21, except admit that Virtu Class A common stock trades on the NASDAQ under the ticker "VIRT," that Virtu is headquartered in New York, New York, that it leverages technology to deliver liquidity to the global markets and trading solutions to clients, and that its product offering includes execution, liquidity sourcing, and analytics.

22.    Paragraph 22 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Cifu has served as Virtu's Chief Executive Officer since November 2013 and previously served as Virtu's President and Chief Operating Officer, has served on Virtu's board of directors since co-founding Virtu in April 2008 and was a partner at Paul, Weiss, Rifkind, Wharton & Garrison LLP, and that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

23.    Defendants deny the allegations in paragraph 23, except admit that Molluso serves as the Co-President and Co-Chief Operating Officer of Virtu, that Molluso joined Virtu in

November 2013 as Chief Financial Officer, and that Molluso briefly departed Virtu in 2019 before rejoining Virtu in 2020.

24.    Defendants deny the allegations in paragraph 24, except admit that Ioffe served as Virtu's Chief Financial Officer from September 2019 through August 2020.

25.    Defendants deny the allegations in paragraph 25, except admit that Galvin served as Virtu's Chief Financial Officer from August 2020 to July 31, 2024, that Galvin served as the interim Chief Financial Officer of KCG Holdings, Inc. from September 2014 through December 2014 and Chief Accounting Officer of KCG Holdings, Inc. and its predecessor from 2000 to 2017, and that Virtu acquired KCG in 2017.

26.    Defendants deny the allegations in paragraph 26, except admit that Plaintiff purports to refer to Cifu, Molluso, Ioffe, and Galvin as the "Individual Defendants," and together with Virtu as "Defendants."

27.    Paragraph 27 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

28.    Defendants deny the allegations in paragraph 28, except admit that Cifu and Viola co-founded Virtu, and that Plaintiff purports to quote from Virtu's Form 10-K and 10-Q filings, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

29.    Defendants deny the allegations in paragraph 29.

30.    Defendants deny the allegations in paragraph 30, except admit that Virtu postponed its Initial Public Offering ("IPO") in April 2014 before resuming its IPO in April 2015.

31.    Defendants deny the allegations in paragraph 31, except admit that prior to the third quarter of 2017, Virtu operated as a single reportable segment.

32.     Defendants deny the allegations in paragraph 32, except admit that Plaintiff purports to quote from an August 11, 2016 *Bloomberg* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

33.     Defendants deny the allegations in paragraph 33, except admit that as of February 21, 2025, Virtu's market making segment principally consisted of market making in the cash, futures, and options markets across global equities, fixed income, currencies, cryptocurrencies, and commodities, and that Virtu provided competitive bids and offers in securities and other financial instruments in 40 countries worldwide.

34.     Defendants deny the allegations in paragraph 34, except admit that on April 20, 2017, Virtu announced it had agreed to acquire KCG in a cash transaction valued at $20.00 per KCG share, or a total of approximately $1.4 billion.

35.     Defendants deny the allegations in paragraph 35, except admit that Plaintiff purports to quote from an April 20, 2017 presentation, but deny that Plaintiff has quoted the entire presentation and respectfully refer the Court to the entirety of the quoted presentation for its complete and accurate contents.

36.     Defendants deny the allegations in paragraph 36, except admit that prior to the KCG acquisition, Virtu bought and sold securities, primarily for its own account, and that KCG had an agency execution business.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38, except admit that Plaintiff purports to quote from an April 20, 2017 *Bloomberg* article, but deny that Plaintiff has quoted the

entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

39.    Defendants deny the allegations in paragraph 39, except admit that Plaintiff purports to quote from an April 20, 2017 *Bloomberg* article and an April 20, 2017 Virtu press release, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

40.    Defendants deny the allegations in paragraph 40, except admit that Plaintiff purports to quote from an April 20, 2017 *Bloomberg* interview, but deny that Plaintiff has quoted the entire interview and respectfully refer the Court to the entirety of the quoted interview for its complete and accurate contents.

41.    Defendants deny the allegations in paragraph 41, except admit that Plaintiff purports to quote from an April 20, 2017 presentation, but deny that Plaintiff has quoted the entire presentation and respectfully refer the Court to the entirety of the quoted presentation for its complete and accurate contents.

42.    Defendants deny the allegations in paragraph 42, except admit that Plaintiff purports to quote from an April 20, 2017 UBS analyst report, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

43.    Defendants deny the allegations in paragraph 43, except admit Virtu announced the completion of the KCG acquisition on July 20, 2017, and that Plaintiff purports to quote from a transcript of Virtu's second quarter 2017 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of document for its complete and accurate contents.

8

44.    Defendants deny the allegations in paragraph 44, except admit that it has an Execution Services operating segment.

45.    Defendants deny the allegations in paragraph 45, except admit that VAM is an SEC-registered broker-dealer, and that Plaintiff purports to quote from Virtu's Form 10-K for the year ended December 31, 2022, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

46.    Defendants deny the allegations in paragraph 46.

47.    Defendants deny the allegations in paragraph 47.

48.    Defendants deny the allegations in paragraph 48, except admit that from January 2018 through April 2019 the FS Database contained post-trade data related to trades already posted on the consolidated tape, as well as housing certain other static, historical data.

49.    Defendants deny the allegations in paragraph 49, except admit that in or around August 2018, VAM identified the possibility that non-permissioned post-trade data on the FS Database could hypothetically be accessed, and after discovering this hypothetical possibility, VAM developers promptly began considering solutions before fully and successfully implementing a solution in April 2019.

50.    Defendants deny the allegations in paragraph 50, except admit that prior to the KCG acquisition, some Virtu employees could access the FS Database directly by using a username and a password through shared accounts with the username and password "viewonly" and "fsviewonly."

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53, except admit that Plaintiff purports to quote from a June 2018 chat conversation, but deny that Plaintiff has quoted the entire document.

54.     Defendants deny the allegations in paragraph 54, except admit that Plaintiff purports to quote from an August 13, 2018 email, but deny that Plaintiff has quoted the entire document.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56, except admit that Plaintiff purports to quote from a transcript of a presentation involving Cifu at the Sandler O'Neil Global Exchange and Brokerage Conference on June 5, 2019, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63, except admit that on November 7, 2018 Virtu announced the acquisition of ITG for $30.30 per share, or approximately $1 billion equity value.

64.     Defendants deny the allegations in paragraph 64, except admit that Plaintiff purports to quote from a presentation published in conjunction with Virtu's November 7, 2018

earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

65.    Defendants deny the allegations in paragraph 65, except admit that the SEC published an Order relating to ITG, Inc. and AlterNet Securities, Inc. on November 7, 2018, and that Plaintiff purports to quote from that Order and an SEC press release dated November 7 2018, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

66.    Defendants deny the allegations in paragraph 66, except admit that Plaintiff purports to paraphrase the SEC's Order published on November 7, 2018, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for their complete and accurate contents.

67.    Defendants deny the allegations in paragraph 67.

68.    Defendants deny the allegations in paragraph 68, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

69.    Defendants need not respond to the allegations in paragraph 69 because the Court dismissed these allegations in its Motion to Dismiss Order. (ECF No. 58). To the extent a response is required, Defendants admit that Plaintiff purports to quote from a slide from a presentation published in conjunction with Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire presentation and respectfully refer the Court to the entirety of the presentation for its complete and accurate contents.

70. Defendants deny the allegations in paragraph 70, except admit that Plaintiff purports to paraphrase a transcript of Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

71. Defendants deny the allegations in paragraph 71, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

72. Defendants deny the allegations in paragraph 72, except admit that Plaintiff purports to quote from a November 14, 2018 *Bloomberg* article but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

73. Defendants deny the allegations in paragraph 73, except admit that Plaintiff purports to quote from a November 14, 2018 *Bloomberg* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

74. Defendants deny the allegations in paragraph 74, except admit that Plaintiff purports to quote from a November 17, 2018 *Business Insider* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

75. Defendants deny the allegations in paragraph 75, except admit that Plaintiff purports to quote from a November 17, 2019 *Business Insider* article, but deny that Plaintiff has

12

quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

76.     Defendants deny the allegations in paragraph 76, except admit that Plaintiff purports to quote from a transcript of a presentation by Cifu and Molluso at the Goldman Sachs U.S. Financial Services Conference on December 5, 2018, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

77.     Defendants deny the allegations in paragraph 77, except admit that Plaintiff purports to quote from a transcript of a presentation by Cifu and Molluso at the Goldman Sachs U.S. Financial Services Conference on December 5, 2018, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80, except admit that in November 2018 the maximum number of sessions that could connect to the FS Database was increased from 75 to 125 due to increased demand on the FS Database.

81.     Defendants deny the allegations in paragraph 81, except admit that Plaintiff purports to quote December 2018 internal correspondence, but deny that Plaintiff has quoted the entire correspondence.

82.     Defendants deny the allegations in paragraph 82, except admit that Plaintiff purports to quote from a Virtu press release attached to its Form 8-K filed January 25, 2019, but

deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

83.    Defendants deny the allegations in paragraph 83, except admit that Plaintiff purports to characterize certain internal Virtu documents, but deny that Plaintiff has quoted the documents in their entirety.

84.    Defendants deny the allegations in Paragraph 84, except admit that in or around August 2018, VAM identified the possibility that non-permissioned post-trade data on the FS Database could hypothetically be accessed, and after discovering this hypothetical possibility, VAM developers promptly began considering solutions before fully and successfully implementing a solution in April 2019.

85.    Paragraph 85 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from Virtu's Form 10-K and 10-Q filings, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

86.    Paragraph 86 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

87.    Defendants deny the allegations in paragraph 87, except admit that Virtu filed its Form 10-K for the year ended December 31, 2022 on February 17, 2023 and that Plaintiff purports to quote from that Form 10-K, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

14

88.     Paragraph 88 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that the closing price of Virtu's Class A common stock was $20.27 on February 17, 2023 and was $19.94 on February 21, 2023.

89.     Defendants deny the allegations in paragraph 89, except admit that Virtu filed its Form 10-Q for the quarter ended March 31, 2023 on April 28, 2023 and that Plaintiff purports to quote from that Form 10-Q, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

90.     Paragraph 90 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that the closing price of Virtu's Class A common stock was $20.05 on April 28, 23, and was $16.86 on May 4, 2023.

91.     Defendants deny the allegations in paragraph 91, except admit that Plaintiff purports to quote from an April 28, 2023 *Bloomberg* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

92.     Defendants deny the allegations in paragraph 92, except admit that Plaintiff purports to quote from an April 28, 2023 *Bloomberg* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

93.     Defendants deny the allegations in paragraph 93, except admit that Plaintiff purports to quote from a May 1, 2023 *Wall Street Journal* article, but deny that Plaintiff has quoted

the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

94.     Defendants deny the allegations in paragraph 94, except admit that Plaintiff purports to quote from a May 4, 2023 Piper Sandler report, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

95.     Defendants deny the allegations in paragraph 95, except admit that Virtu filed its Form 10-Q for the quarter ended June 30, 2023 on July 28, 2023, and that Plaintiff purports to quote from that Form 10-Q, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

96.     Defendants deny the allegations in paragraph 96, except admit that the closing price of Virtu's Class A common stock was $18.90 per share on July 28, 2023 and $18.56 per share on July 31, 2023.

97.     Defendants deny the allegations in paragraph 97, except admit that Plaintiff purports to quote from a July 28, 2023 *Bloomberg* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

98.     Defendants deny the allegations in paragraph 98, except admit that Plaintiff purports to quote from a September 12, 2023, SEC press release but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

16

99.     Defendants deny the allegations in paragraph 99, except admit that the closing price of Virtu's Class A common stock was $18.46 on September 12, 2023 and was $17.39 on September 18, 2023.

100.     Defendants deny the allegations in paragraph 100, except admit that Plaintiff purports to quote from a September 12, 2023, *Reuters* article but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

101.     Defendants deny the allegations in paragraph 101, except admit that Plaintiff purports to quote from a September 14, 2023, Citi report but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

102.     Defendants need not respond to the allegations in paragraph 102 to the extent they are based on the statement that "[i]n addition to monitoring and testing our safeguards and policies through internal audits, we are also looking to contract an external independent auditing firm to regularly review the effectiveness of our controls. In addition to these safeguards, Virtu is a firm believer in using technology to enhance transparency to end customer" because the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

103.     Paragraph 103 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that in November

17

2018, the maximum number of sessions that could connect to the FS Database was increased from 75 to 125, and that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

104.    Paragraph 104 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

105.    Paragraph 105 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

106.    Paragraph 106 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

107.    Defendants need not respond to the allegations in paragraph 107 because the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a slide from a presentation published in conjunction with Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire presentation and respectfully refer the Court to the entirety of the presentation for its complete and accurate contents.

18

108. Paragraph 108 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a slide from a presentation published in conjunction with Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire presentation and respectfully refer the Court to the entirety of the presentation for its complete and accurate contents.

109. Defendants deny the allegations in paragraph 109, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

110. Paragraph 110 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of Virtu's third quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

111. Defendants deny the allegations in paragraph 111, except admit that Virtu filed its Form 10-Q for the quarter ended September 30, 2018 on November 8, 2018, and that Plaintiff purports to quote from that Form 10-Q, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

112. Paragraph 112 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

113.    Defendants need not respond to the allegations in paragraph 113 to the extent they are based on the statements that "Virtu's proprietary traders . . . won't have the key cards needed to enter the workspace of the division that has outside clients" and "[s]oftware will block proprietary traders from viewing client data," "[a]n outside auditor will vet the safeguards," or "the governance committee could ask Virtu to deploy, like biometric scanners or facial recognition software for unlocking doors" because the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a November 14, 2018 *Bloomberg* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

114.    Paragraph 114 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a November 14, 2018 *Bloomberg* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the transcript of the quoted document for its complete and accurate contents.

115.    Paragraph 115 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a November 14, 2018 *Bloomberg* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

116.    Defendants deny the allegations in paragraph 116, except admit that Plaintiff purports to quote from a November 17, 2018 *Business Insider* article, but deny that Plaintiff has

20

quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

117.    Defendants need not respond to the allegations in paragraph 117 to the extent they are based on the statement that "we're talking to the buy-side about establishing a client data governance committee made up of clients from all over the globe to assist in the oversight, design, implementation, and integrity of logical and physical barriers" because the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a November 17, 2018 *Business Insider* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

118.    Paragraph 118 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a November 17, 2018 *Business Insider* article, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

119.    Defendants need not respond to the allegations in paragraph 119 because the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of a presentation by Cifu and Molluso at the Goldman Sachs U.S. Financial Services Conference on December 5, 2018, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

120.    Paragraph 120 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff

21

purports to quote from a transcript of a presentation by Cifu and Molluso at the Goldman Sachs U.S. Financial Services Conference on December 5, 2018, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the transcript of the quoted document for its complete and accurate contents.

121.    Defendants need not respond to the allegations in paragraph 121 because the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a Virtu press release attached to its Form 8-K filed January 25, 2019, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

122.    Paragraph 122 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a Virtu press release attached to its Form 8-K filed January 25, 2019, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

123.    Defendants need not respond to the allegations in paragraph 123 to the extent they are based on the statement that "[t]here's no gray area at Virtu. It's all black-and-white, and so we've been very upfront about how we will physically and virtually separate the businesses to ensure that we are good stewards of customer information, all the things you would expect that we do, and I think customers are encouraged to hear those words" because the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of Virtu's fourth

22

quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

124. Paragraph 124 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of Virtu's fourth quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

125. Defendants need not respond to the allegations in paragraph 125 because the Court dismissed these allegations in its Motion to Dismiss Order. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of Virtu's fourth quarter 2018 earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

126. Defendants need not respond to the allegations in paragraph 126 to the extent they are based on the statement that "[a]s we integrate, we will draw on the best practices of our combined company to continue to ensure that our policies, procedures and tools remain designed to safeguard confidential client information" because the Court dismissed these allegations in its Motion to Dismiss Order. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a March 1, 2019 Virtu letter but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

127. Paragraph 127 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff

purports to quote from a March 1, 2019 Virtu letter, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

128.    Defendants need not respond to the allegations in paragraph 128 because it states legal conclusions and because the Court dismissed these allegations in its Motion to Dismiss Order. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a March 1, 2019 Virtu letter, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

129.    Defendants deny the allegations in paragraph 129, except admit that Virtu filed its Form 10-K for the year ending December 31, 2018 on March 1, 2019, that that Form 10-K was signed by Cifu and Molluso, and that Plaintiff purports to quote from that Form 10-K, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

130.    Paragraph 130 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

131.    Defendants deny the allegations in paragraph 131, except admit that Virtu filed a Form 8-K on March 13, 2019 and that Plaintiff purports to quote from an exhibit to that Form 8-K, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

132.    Paragraph 132 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

133.    Defendants deny the allegations in paragraph 133, except admit that Virtu held its first quarter 2019 earnings call on May 3, 2019 and that Plaintiff purports to quote from a transcript of that earnings call, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

134.    Paragraph 134 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

135.    Defendants deny the allegations in paragraph 135, except admit that Virtu filed its Form 10-Q for the quarter ended March 31, 2019 on May 10, 2019, that that Form 10-Q was signed by Cifu and Molluso, and that Plaintiff purports to quote from that Form 10-Q, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents

136.    Paragraph 136 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

137.    Defendants deny the allegations in paragraph 137, except admit that Plaintiff purports to quote from a transcript of a presentation involving Cifu at the Sandler O'Neil Global Exchange and Brokerage Conference on June 5, 2019, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

138.    Paragraph 138 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

139.    Defendants admit the allegations in paragraph 139.

140.    Defendants deny the allegations in paragraph 140, except admit that Plaintiff purports to quote certain Virtu SEC filings listed in paragraph 139, but deny that Plaintiff has

quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

141. Paragraph 141 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

142. Defendants deny the allegations in paragraph 142, except admit that Virtu filed its Form 10-K for the year ended December 31, 2022 on February 17, 2023, that that Form 10-K was signed by Cifu and Galvin, and that Plaintiff purports to quote from that Form 10-K, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

143. Defendants deny the allegations in paragraph 143, except admit that the closing price of Virtu's Class A common stock was $20.27 on February 17, 2023 and was $19.94 on February 21, 2023.

144. Paragraph 144 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

145. Defendants deny the allegations in paragraph 145, except admit that Virtu filed its Form 10-Q for the quarter ended March 31, 2023 on April 28, 2023 and that Plaintiff purports to quote from that Form 10-Q, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

146. Defendants deny the allegations in Paragraph 146, except admit that the closing price of Virtu's Class A common stock was $20.05 on April 28, 2023 and was $16.86 on May 4, 2023.

147. Paragraph 147 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

148.    Defendants deny the allegations in paragraph 148, except admit that Virtu filed its Form 10-Q for the quarter ended June 30, 2023 on July 28, 2023, that that Form 10-Q was signed by Cifu and Galvin, and that Plaintiff purports to quote from that Form 10-Q, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

149.    Defendants deny the allegations in Paragraph 149, except admit that the closing price of Virtu's Class A common stock was $18.90 on July 28, 2023 and was $18.56 on July 31, 2023.

150.    Paragraph 150 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

151.    Defendants deny the allegations in paragraph 151, except admit that Plaintiff purports to quote from a September 12, 2023 SEC press release but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

152.    Defendants deny the allegations in Paragraph 152, except admit that the closing price of Virtu's Class A common stock was $18.46 on September 12, 2023 and was $17.39 on September 18, 2023.

153.    Paragraph 153 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

154.    Defendants need not respond to the allegations in paragraph 154 because Plaintiff withdrew these allegations in its Opposition brief.  (ECF No. 29 at 19.n5).  Paragraph 154 also states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

155. Defendants need not respond to the allegations in paragraph 155 because Plaintiff withdrew these allegations in its Opposition brief. (ECF No. 29 at 19.n5). Paragraph 155 also states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

156. Defendants need not respond to the allegations in paragraph 156 because Plaintiff withdrew these allegations in its Opposition brief. (ECF No. 29 at 19.n5). Paragraph 156 also states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

157. Defendants need not respond to the allegations in paragraph 157 because Plaintiff withdrew these allegations in its Opposition brief. (ECF No. 29 at 19.n5). Paragraph 157 also states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

158. Defendants need not respond to the allegations in paragraph 158 because Plaintiff withdrew these allegations in its Opposition brief. (ECF No. 29 at 19.n5). Paragraph 158 also states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

159. Paragraph 159 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

160. Paragraph 160 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

161. Paragraph 161 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

162. Paragraph 162 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

163. Paragraph 163 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

164. Paragraph 164 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

165. Defendants deny the allegations in paragraph 165, except admit that Plaintiff purports to quote from a slide from a presentation published in conjunction with Virtu's November 7, 2018 earnings call, but deny that Plaintiff has quoted the entire presentation and respectfully refer the Court to the entirety of the presentation for its complete and accurate contents.

166. Defendants deny the allegations in paragraph 166, except admit that Plaintiff purports to quote from a transcript of a presentation by Cifu and Molluso at the Goldman Sachs U.S. Financial Services Conference on December 5, 2018, a November 14, 2018 *Bloomberg* article and a November 17, 2018 *Business Insider* article, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

167. Defendants deny the allegations in paragraph 167.

168. Defendants deny the allegations in paragraph 168, except admit that Plaintiff purports to quote from Virtu's Form 10-K and 10-Q filings, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

169. Defendants deny the allegations in paragraph 169.

170.   Defendants deny the allegations in paragraph 170, except admit that the Securities and Exchange Commission published an Order relating to ITG, Inc. and AlterNet Securities, Inc. on November 7, 2018, and that Plaintiff purports to quote from that Order, but deny that Plaintiff has quoted the entire Order and respectfully refer the Court to the entirety of the quoted Order for its complete and accurate contents.

171.   Defendants deny the allegations in paragraph 171, except admit that Plaintiff purports to quote internal correspondence, but deny that Plaintiff has quoted the entire correspondence.

172.   Paragraph 172 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

173.   Defendants deny the allegations in paragraph 173, except admit that Plaintiff purports to quote from a transcript of a presentation by Cifu and Molluso at the Goldman Sachs U.S. Financial Services Conference on December 5, 2018, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

174.   Paragraph 174 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to quote from a transcript of a presentation by Cifu and Molluso at the Goldman Sachs U.S. Financial Services Conference on December 5, 2018, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

175.   Defendants deny the allegations in paragraph 175.

176.   Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177, except admit that Plaintiff purports to quote from a November 2018 customer questionnaire completed by VAM, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

178.    Defendants deny the allegations in paragraph 178, except admit that Plaintiff purports to quote from a January 2019 customer questionnaire completed by VAM, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

179.    Defendants deny the allegations in paragraph 179, except admit that Plaintiff purports to quote from a January 2019 customer questionnaire completed by VAM, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

180.    Paragraph 180 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that Virtu has an equity interest in VAM and that Virtu reports its financial statements on a consolidated basis. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding unidentified customers' purported utilization of VAM's trade execution services, and otherwise deny the allegations in paragraph 180.

181.    Defendants deny the allegations in paragraph 181, except admit that Plaintiff purports to quote from a transcript of a presentation by Cifu and Molluso at the Goldman Sachs U.S. Financial Services Conference on December 5, 2018 and a November 17, 2018 *Business Insider* article, but deny that Plaintiff has quoted the documents in their entirety and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents.

31

182.   Paragraph 182 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

183.   Paragraph 183 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

184.   Paragraph 184 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

185.   Paragraph 185 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

186.   Paragraph 186 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

187.   Paragraph 187 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

188.   Defendants deny the allegations in paragraph 188, except admit that Virtu filed its Form 10-K for the year ended December 31, 2022 on February 17, 2023, and that Plaintiff purports to quote from that Form 10-K, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

189.   Paragraph 189 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations, except admit that the closing price of Virtu's Class A common stock was $20.27 on February 17, 2023 and was $19.94 on February 21, 2023.

190.   Defendants deny the allegations in paragraph 190, except admit that Virtu filed its Form 10-Q for the quarter ended March 31, 2023 on April 28, 2023, and that Plaintiff purports to

quote from that Form 10-Q, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

191.    Paragraph 191 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that the closing price of Virtu's Class A common stock was $20.05 per share on April 28, 2023 and $16.86 per share on May 4, 2023.

192.    Defendants deny the allegations in paragraph 192, except admit that Virtu filed its Form 10-Q for the quarter ended June 30, 2023 on July 28, 2023, and that Plaintiff purports to quote from that Form 10-Q, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

193.    Paragraph 193 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that the closing price of Virtu's Class A common stock was $18.90 per share on July 28, 2023 and $18.56 per share on July 31, 2023.

194.    Defendants deny the allegations in paragraph 194, except admit that Plaintiff purports to quote from a September 12, 2023 SEC press release, but deny that Plaintiff has quoted the entire document and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

195.    Paragraph 195 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that the closing price of Virtu's Class A common stock was $18.46 per share on September 12, 2023 and $17.39 per share on September 18, 2023.

196. Paragraph 196 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

197. Paragraph 197 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

198. Paragraph 198 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

199. Paragraph 199 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

200. Paragraph 200 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

201. Paragraph 201 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations, except admit that Virtu Class A common stock was traded on the NASDAQ.

202. Paragraph 202 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

203. Paragraph 203 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

204. Paragraph 204 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

205. Paragraph 205 states legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations.

206. Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

207.    Paragraph 207 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

208.    Paragraph 208 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

209.    Paragraph 209 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

210.    Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

211.    Paragraph 211 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

212.    Paragraph 212 states legal conclusions to which Defendants need not respond.  To the extent a response is required, Defendants deny the allegations.

Answering Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to relief against Defendants.

Defendants admit that Plaintiff purports to demand a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in Paragraphs 1 through 212 of the Complaint and plead their affirmative and other defenses, without assuming the burden of proof, persuasion, or production not otherwise legally assigned to them, and without prejudice to their Answer.  Defendants hereby reserve the right to amend or add additional defenses upon further investigation and discovery.

### FIRST DEFENSE

Plaintiff fails, in whole or in part, to state a claim against Defendants upon which relief may be granted or for which the damages sought may be awarded.

### SECOND DEFENSE

Plaintiff fails, in whole or in part, to plead facts underlying the alleged fraud with sufficient particularity as required by Federal Rule of Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

### THIRD DEFENSE

Defendants are not liable to Plaintiff, in whole or in part, because the alleged fraudulent or misleading statements were accurate in all material respects.

### FOURTH DEFENSE

Defendants are not liable to Plaintiff, in whole or in part, because the alleged fraudulent or misleading statements did not contain any material misrepresentations or omissions.

### FIFTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because no Defendant made any statements or omissions of material fact that they knew, or deliberately or recklessly disregarded, to be fraudulent or misleading.

### SIXTH DEFENSE

Defendants are not liable to Plaintiff, in whole or in part, because no Defendant acted with the requisite scienter, nor did any Defendant culpably participate in the alleged fraud.

### SEVENTH DEFENSE

Defendants acted at all times in good faith and had no knowledge that the allegedly fraudulent or misleading statements were false or misleading.

## EIGHTH DEFENSE

The claims asserted in the Complaint are barred to the extent that Defendants relied, in good faith, and were entitled to rely, on advice and information provided by Virtu employees or professional advisors, if any, who may have assisted in preparing the allegedly fraudulent or misleading statements.

## NINTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because they are predicated on statements of opinion or belief, which were neither objectively false when made nor misrepresented the speaker's subjective opinion or belief or constituted immaterial puffery or corporate optimism that are not actionable.

## TENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because the allegedly fraudulent or misleading statements were immaterial to the investment decisions of a reasonable investor.

## ELEVENTH DEFENSE

Defendants are not liable to Plaintiff to the extent that the allegedly fraudulent or misleading statements were accompanied by sufficient cautionary language and risk disclosures.

## TWELFTH DEFENSE

Defendants are not liable to Plaintiff because Defendants had no duty to disclose any information allegedly not disclosed.

## THIRTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff did not rely, or could not have relied, upon the allegedly false or misleading statements.

**FOURTEENTH DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff lacks standing to pursue its claims against Defendants.

**FIFTEENTH DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, because the risks of investing in Virtu securities that ultimately came to pass, if any, were adequately disclosed and thus Plaintiff was warned of all the risks that Plaintiff alleges were misstated or omitted.

**SIXTEENTH DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, under the "truth on the market" doctrine because the information allegedly misrepresented or omitted was known to the market, already in the public domain and/or reasonably available to shareholders at the time Plaintiff purchased its securities.

**SEVENTEENTH DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff's alleged injuries were not legally or proximately caused by the allegedly false or misleading statements.

**EIGHTEENTH DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

**NINETEENTH DEFENSE**

Plaintiff's claims against Defendants are barred under Section 20(a) of the Securities Exchange Act of 1934 ("Section 20(a)") to the extent Plaintiff cannot establish the primary liability necessary to assert a claim for control person liability.

## TWENTIETH DEFENSE

Defendants are not liable under Section 20(a) because they acted in good faith and did not disseminate, culpably participate in, nor directly or indirectly induce, the making of any false or misleading statement or omission.

## TWENTY-FIRST DEFENSE

Defendants are not liable under Section 20(a) because they maintained and enforced a reasonable and proper system of supervision and internal control.

## TWENTY-SECOND DEFENSE

Defendants are not liable under Section 20(a), in whole or in part, because they did not exercise control over the challenged statements.

## TWENTY-THIRD DEFENSE

To the extent asserted by a putative class, Plaintiff's claims against Defendants are barred, in whole or in part, because it cannot satisfy the requirements for certification of a class under Federal Rule of Civil Procedure 23.

## TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees, experts' fees, or other costs and expenses.

## TWENTY-FIFTH DEFENSE

The putative class is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-SIXTH DEFENSE

Defendants hereby provide notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend

39

their Answer and to assert any additional defenses, cross-claims, counterclaims, and third-party

claims as they become known or available.


Dated: April 21, 2025                               Respectfully submitted,



                                        By:   /s/ Audra J. Soloway
                                              Audra J. Soloway
                                              Andrew G. Gordon
                                              Alison R. Benedon
                                              Johan E. Tatoy
                                              PAUL, WEISS, RIFKIND, WHARTON
                                              & GARRISON LLP
                                              1285 Avenue of the Americas
                                              New York, New York  10019-6064
                                              Tel: (212) 373-3000
                                              asoloway@paulweiss.com
                                              agordon@paulweiss.com
                                              abenedon@paulweiss.com
                                              jtatoy@paulweiss.com

                                        *Attorneys for Defendants*