# Exhibit 1

Case Name: <u>*In re Virtu Financial, Inc. Securities Litigation*</u>   Case Number: <u>1 : 2 3</u> CV - <u>03370</u>   ( <u>NGG</u> ) (PK)

# **CONFIDENTIALITY ORDER**

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

<u>X</u> Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

<u>X</u> Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

<u>X</u> Medical and Legal Records, including medical files and reports.

<u>   </u> Non-public criminal history.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion

**REV. 4-20-20**

of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, mediators, actual or proposed witnesses, court personnel, court reporters, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g) Documents designated confidential which are disclosed in contravention of the provisions of this Order (through inadvertence or otherwise) shall continue to be protected by these provisions. Upon learning of the disclosure of such materials in contravention of the provisions of this Order, the person that made the disclosure shall promptly: (i) give written notice of the disclosure to the designating party, which shall include a specific description of the improperly disclosed confidential material; (ii) give written notice to the recipient of the improperly disclosed confidential material; (iii) provide the improper recipient with a copy of this Order and request that the improper recipient sign a copy of the attached Exhibit A; (iv) give written notice to the designating party of the improper recipient's response to this request; (v) make reasonable good faith efforts to retrieve the improperly disclosed confidential material and all copies; and (vi) give written notice to the designating party of the result of such efforts. The designating party's rights and remedies with respect to any such improper disclosure are hereby reserved.

(h) If any person having received any material designated pursuant to this Order as confidential (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking such designated

material, that person shall, unless prohibited by law, provide written notice within three (3) business days of receipt of such subpoena, demand, legal process or request, to the producing party's counsel, who may seek a protective order or otherwise seek to preclude disclosure of such material. Should the person seeking access to such designated material take any action against the recipient of confidential information to enforce such subpoena, demand, other legal process or request, the recipient shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the recipient or anyone else covered by this Order to challenge or appeal any order requiring production of such material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

(i) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(j) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(k) Within a reasonable period after the conclusion of the litigation, and upon request of the producing party, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(l) Pursuant to Fed. R. Evid. 502(d), the Court hereby orders that if a producing party discloses information in connection with this action that the producing party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Protected Discovery Material"), the disclosure of that Protected Discovery Material will not constitute or be deemed a waiver or forfeiture—in this action or any other action—of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Protected Discovery Material and its subject matter. For the avoidance of doubt, the provisions of Fed. R. Evid. 502(b) are inapplicable to the disclosure of Protected Discovery Material under this Order. Rather, if at any time prior to trial the producing party determines that it has produced or disclosed Protected Discovery Material, it shall promptly in writing notify the receiving party of the disclosure. Upon receipt of such notice, the receiving party shall return, sequester, delete, or destroy all copies of the Protected Discovery Material and shall provide a written representation of the same to the producing party within fourteen (14) days. If the receiving party disputes that the Protected Discovery Material is entitled to privilege or work-product protection, that party must notify the producing party of its objection within seven (7) days of its receipt of written notice from the producing party, and if the parties cannot resolve the dispute

informally after meeting and conferring in good faith, either party may apply to this Court for an appropriate ruling.

(m) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(n) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

| | |
|---|---|
| Dated: July 15, 2025<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SAMUEL H. RUDMAN<br>DAVID A. ROSENFELD<br>MARIO ALBA JR.<br>ROBERT D. GERSON<br>MAGDALENE ECONOMOU<br>JOSHUA D. FORGY | Dated: July 15, 2025<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>AUDRA J. SOLOWAY<br>ANDREW G. GORDON<br>ALISON R. BENEDON<br>JOHAN E. TATOY |
| */s/ Robert D. Gerson*<br>ROBERT D. GERSON | */s/ Alison R. Benedon*<br>ALISON R. BENEDON |
| 58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone:  631/367-7100<br>srudman@rgrdlaw.com<br>drosenfeld@rgrdlaw.com<br>malba@rgrdlaw.com<br>rgerson@rgrdlaw.com<br>meconomou@rgrdlaw.com<br>jforgy@rgrdlaw.com<br><br>Lead Counsel for Lead Plaintiff | 1285 Avenue of the Americas<br>New York, NY 10019-6064<br>(212) 373-3000<br>abenedon@paulweiss.com<br>asoloway@paulweiss.com<br>agordon@paulweiss.com<br>jtatoy@paulweiss.com<br><br>Attorneys for Defendants Virtu Financial, Inc., Douglas Cifu, Joseph Molluso, Alex Ioffe, and Sean Galvin |

**REV. 4-20-20**

**SO ORDERED:**

Dated: Brooklyn, New York
      _____, 20\_\_

                                            PEGGY KUO
                                            United States Magistrate Judge

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled:_____have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

    I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED: _____
[Signature]

Signed in the presence of:


_____
(Attorney)