# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Alison R. Benedon**
**Direct Dial:** +1 212 373 2009
**Email:** abenedon@paulweiss.com

March 26, 2026

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Courtroom 504 N
Brooklyn, New York 11201

Re: *In re Virtu Financial, Inc. Securities Litigation*, No. 1:23-cv-03770-NGG (E.D.N.Y.)

Dear Judge Garaufis:

We write on behalf of defendants Virtu Financial, Inc., Douglas Cifu, Joseph Molluso, Alex Ioffe, and Sean Galvin ("Defendants") in the above-referenced action. Pursuant to Section IV.D of Your Honor's Individual Rules, Defendants respectfully request that the Court schedule an evidentiary hearing in connection with Lead Plaintiff's Motion For Class Certification and Appointment of Class Representative and Class Counsel [ECF No. 77], which was filed today.

Defendants believe that an evidentiary hearing, including testimony by the parties' respective experts, arguments by counsel, and an opportunity for the Court to pose questions to the experts and counsel on both sides, would aid the Court in ruling on the motion. As the Supreme Court of the United States has held, in a securities case "a court cannot conclude that Rule 23's requirements are satisfied without considering *all* evidence relevant to price impact." *Goldman Sachs Grp., Inc.* v. *Arkansas Tchr. Ret. Sys.*, 594 U.S. 113, 122 (2021). Further, the Second Circuit "***encourage[s] the court to hold any evidentiary hearing or oral argument it deems appropriate***" at the class certification stage. *Arkansas Tchrs. Ret. Sys.* v. *Goldman Sachs Grp., Inc.*, 879 F.3d 474, 486 (2d Cir. 2018) (emphasis added). The class certification motion in this case presents numerous complex issues that are the subject of competing expert evidence, largely focused on whether the alleged misrepresentations had a price impact. The expert evidence concerns whether Lead Plaintiff, which has invoked the presumption of the fraud-on-the-market theory to establish reliance, can support price impact based upon multi-day stock declines

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                              2

or disclosure dates that were not statistically significant.  Defendants believe that this evidence should be presented directly by the experts to the Court, to assist the Court in its consideration of this motion.

Counsel for Lead Plaintiff asked that we note that Lead Plaintiff does not believe an evidentiary hearing is warranted.

Respectfully submitted,


*/s/ Alison R. Benedon*
Alison R. Benedon


cc:      All Counsel of Record (via ECF)