**Robbins Geller**
**Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Robert D. Gerson
rgerson@rgrdlaw.com

May 5, 2026

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1426 S
Brooklyn, NY 11201

Re:     *In re Virtu Financial, Inc. Securities Litigation*,
          No. 1:23-cv-03770-NGG-CHK (E.D.N.Y.)

Dear Judge Garaufis:

Lead Plaintiff City of Birmingham Retirement and Relief System respectfully submits this letter in response to Defendants' improper request for leave to file a sur-reply on Lead Plaintiff's Motion for Class Certification, and Appointment of Class Representative and Class Counsel (the "Class Certification Motion"). As set forth herein, Defendants' submission reflects a flagrant disregard of this Court's Individual Rules ("Rules") and follows their decision to ignore correspondence from Lead Plaintiff expressly identifying the Rules and requesting compliance.

On Friday, May 2, 2026 – ***36 days after*** Lead Plaintiff filed its reply brief in further support of the Class Certification Motion – counsel for Defendants advised us of their intention to seek leave to file a sur-reply brief. We responded almost immediately, both expressing our surprise given the amount of time that had elapsed since briefing had closed, and setting forth the governing provisions of the Rules for next steps in the process. In particular, we wrote that "we assume you will be complying with Judge Garaufis' Individual Rules in full for motion papers/memoranda, including: (1) IV.C's prohibition against letter motions; (2) IV.B.(1)'s bundling requirement, including that 'no motion papers shall be filed until the motion has been fully briefed'; and (3) IV.B.(3)'s requirement that 'No party is to serve any motion papers prior to obtaining court approval for the schedule.'" *See* Exhibit A. Accordingly, we requested that Defendants provide a draft scheduling stipulation on briefing for the motion for leave. *Id.*

Counsel for Defendants never responded to our request. Instead, at 7:50 p.m. last night, Defendants proceeded unilaterally, disregarding our e-mail and the cooperative motion practice required by the Rules, by filing: (i) a letter motion; (ii) a full 8-page sur-reply brief; and (iii) a new 47-page "Expert Sur-Reply Report," all without leave of Court. ECF Nos. 87, 87-1, 87-2. Defendants' approach effectively presents the Court with a fait accompli – filing a sur-reply brief and expert report first, and seeking permission afterward. That is precisely the type of piecemeal and

unauthorized motion practice proscribed by the Rules.[1]  Notably, Defendants did not even label their submission as a "proposed" sur-reply, underscoring that they filed it as though leave had already been granted.

More broadly, Defendants' conduct here is yet another attempt in their ongoing effort to have the last word on Lead Plaintiff's Class Certification Motion.  Indeed, Defendants previously requested that the Court schedule an evidentiary hearing on price impact **before** Lead Plaintiff's reply brief was even filed.  *See* ECF No. 82 (Defendants' letter requesting evidentiary hearing on price impact); ECF 83 (Lead Plaintiff's reply brief).

For the reasons set forth herein, Lead Plaintiff respectfully requests that the Court deny Defendants' request for leave to file a sur-reply and strike or disregard the sur-reply brief and expert report.  To the extent that the Court requires further briefing on the substantive arguments raised by Defendants in their request – which Lead Plaintiff submits should be denied – Lead Plaintiff stands ready to respond.

Respectfully submitted,

*/s/ Robert D. Gerson*

Robert D. Gerson

cc:      All Counsel of Record (via ECF)

---

[1]      Defendants attempt to justify their conduct by asserting that, "in good faith," they believed their filing "should not be delayed to comply with the Court's bundling rule," because the motion was otherwise fully briefed and an evidentiary hearing could be scheduled at any time.  Ltr. at 2.  That rationale is erroneous.  As an initial matter, section IV.B.4 of the Rules applies only where compliance would "deprive the party of a substantive right," – it does not authorize a party to bypass the Court's fundamental requirements governing motion practice.  Nor does it allow a party to submit substantive briefing and expert materials in advance of a ruling on whether such filings are permitted at all. Moreover, if Defendants were genuinely concerned about the effect of any delay in filing their motion, they should not have delayed 36 days after the filing of Lead Plaintiff's reply to first make their request.